```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                EASTERN DISTRICT OF OKLAHOMA

KY JOHNSTON,                    )
                                )
              Plaintiff,        )
                                )
v.                              )   Case No. CIV-18-252-RAW-KEW
                                )
COMMISSIONER OF SOCIAL          )
SECURITY ADMINISTRATION,        )
                                )
              Defendant.        )
```

**REPORT AND RECOMMENDATION**

Plaintiff Ky Johnston (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 52 years old at the time of the ALJ's decision.  Claimant completed his high school education.  Claimant worked in

3

the past as a signalman in the United States Navy, a store laborer, sales clerk, and a general cashier. Claimant alleges an inability to work beginning December 20, 2014 due to limitations resulting from spine problems, knee problems, depression, and alcohol abuse.

## Procedural History

On March 22, 2016, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. On March 23, 2016, Claimant filed for supplemental security income benefits under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On August 9, 2017, Administrative Law Judge ("ALJ") Michael Mannes conducted an administrative hearing in McAlester, Oklahoma. On October 23, 2017, the ALJ issued an unfavorable decision. On June 14, 2018, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity

4

("RFC") to perform a range of light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in failing to perform a proper function-by-function analysis in the RFC.

## Evaluation of Functional Limitations

In his decision, the ALJ determined Claimant suffered from the severe impairments of psoriatic arthritis, spinal stenosis in the cervical region, degeneration of the lumbosacral intervertebral disc, degenerative disc disease of the thoracic spine, degenerative joint disease of the bilateral knees, depressive disorder, NOS, and alcohol use disorder.  (Tr. 20). The ALJ determined Claimant could perform a range of light work. In so doing, he found Claimant could lift, carry, push, and/or pull ten pounds occasionally and less than ten pounds frequently, could stand, walk, or sit for six hours each in an eight hour workday.  Claimant must be allowed to use an assistive device such as a walker to ambulate.  He could occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds.  He could stoop, kneel, crouch, and crawl, reach, handle, and finger.  He could have no exposure to unprotected heights, moving mechanical parts, or operating a motor vehicle.  He must be allowed to

alternate between sitting and standing every 15 to 30 minutes in order to change positions, but without leaving the workstation. The ALJ found Claimant could perform simple and complex tasks. He was limited to occasional interaction with supervisors, co-workers, and the general public. He could respond to changes in the workplace. (Tr. 25).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of silver wrapper, toll collector, and merchandise marker, all of which were found to exist in sufficient numbers in the national and regional economies. (Tr. 33). As a result, the ALJ found Claimant was not under a disability from December 20, 2014 through the date of the decision. Id.

Claimant contends the ALJ failed to conduct a function-by-function analysis of his ability to stand while using a walker. The ALJ only evaluated the need for a walker while ambulating and not while standing. Claimant contends he necessarily will be restricted in the use of his hands while standing since at least one of his hands will have to be on the walker while performing any of the representative jobs. Claimant essentially seeks this Court to make an anecdotal determination that surely any claimant

6

who needs a walker to ambulate must necessarily need a walker to stand requiring the continuous use of a hand to steady himself. Such findings require medical evidence for support. In this case, no such evidence appears in the record and Claimant does not direct this Court to supportive medical or opinion evidence for his contention. The ALJ is only required to include conditions and impairments supported by the evidence in his RFC limitations assessment. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in

7

the case record were considered and resolved." Id.  However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012).  The ALJ's RFC assessment was supported by substantial evidence.  The additional restriction which Claimant seeks to impose is not.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.  The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of September, 2019.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma